| | |
|---|---|
| KATHLEEN A. LEAVITT<br>CHAPTER 13 BANKRUPTCY TRUSTEE<br>711 S 4th Street, Suite 101<br>Las Vegas, NV 89101<br>kal13mail@las13.com<br>Tel: (702) 853-0700<br>Fax: (702) 853-0713 | E-FILED |

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| IN RE:<br>DIVINA AQUINO<br><br>Debtor(s) | CHAPTER 13<br>CASE NO: BKS-19-12664-ABL<br>MOTION TO DISMISS<br><br>MOTION TO DISMISS<br>Hearing Date: 03/12/2020<br>Hearing Time: 2:00 pm |
| ISSO AND HUGHES LAW FIRM<br>Attorney for the Debtor | |

Comes now KATHLEEN A. LEAVITT, Chapter 13 Bankruptcy Trustee, in the above captioned bankruptcy case and files this Motion based on the Memorandum of Points and Authorities as follows:

**Memorandum of Points and Authorities**

**Statement of Facts**

1. Debtor(s) filed an Original Petition under Chapter 13, Title 11 of the United States Code on 04/30/2019.

2. Debtor(s) Plan has not been confirmed.

3. Trustee requests that the Court take Judicial Notice of the Docket in this case.

**Argument**

The Trustee requests that this case be dismissed pursuant to 11 U.S.C.§ 1307 (c)  for one or more of the following reasons:

- Debtor(s) is/are delinquent in plan payments.  11 U.S.C. §1307(c)(1)
- Debtor(s) failed to comply with notice/re-notice requirements.   Failure to set a confirmation hearing according to 11 U.S.C. § 1324(b) F.R.B.P. 2002(a) & (b) & 11 U.S.C. §1307(c)(1)

- Compensation of Debtor(s)' attorney requires an independent review by the court. Trustee requests that Debtor(s)' attorney file an application for compensation pursuant to 11 U.S.C. §330.
- The Plan fails to provide for all of the Debtor(s)' Disposable Income pursuant to 11 U.S.C. §1325(a)(3) and (b) based on: Debtor contributes $1509 per mo to her 401k while paying 0% to general unsecured creditors. 11 U.S.C. sec. 1325(a)(3). Trustee objects to the voluntary retirement contribution as this expense is not permitted during the pendency of the bankruptcy case. Parks v. Drummond, 475 B.R. 703 (9th Cir. B.A.P. 2012).
- Other: Trustee objects to the Debtor paying for daughter's car insurance since she is working per testimony (Rav4)

Debtor(s) failed to cooperate with the Trustee as necessary to enable the Trustee to perform her duties pursuant to 11 U.S.C. §521(a)(3), §704 and/or §1302. This failure to cooperate has caused unreasonable delay that is prejudicial to creditors under 11 U.S.C. §1307(c)(1) as the Debtor(s) did not provide the following documents:

- Verification of Childcare and education costs of $500; verify charitable contribution of $200..
- Amendment to Plan: Section 2.3 is not correct; Section 5.1- clarify treatment of this claim and a Proof of Claim or other order will be required in order for the Trustee to pay this claim..
- Amendment to Schedule J. Current Expenditures of Individual Debtor(s): to remove vehicle payment of $380 for the 2019 Toyota C-HR unless intent is to pay directly..

**Conclusion**

WHEREFORE, for the foregoing reasons, the Trustee recommends that this case be dismissed pursuant to 11 U.S.C. §1307(c).

Dated: 1/30/20                                          /s/ Kathleen A. Leavitt
                                                        Kathleen A. Leavitt
                                                        Chapter 13 Trustee