KATHLEEN A. LEAVITT
CHAPTER 13 BANKRUPTCY TRUSTEE
711 S 4th Street, Suite 101
Las Vegas, NV 89101
kal13mail@las13.com
Tel: (702) 853-0700
Fax: (702) 853-0713

E-FILED

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

IN RE:
DIVINA AQUINO

Debtor(s)

CASE NO: BKS-19-12664-ABL

CHAPTER 13

Hearing Date:   March 12, 2020
Hearing Time:   1:30 pm

ISSO AND HUGHES LAW FIRM
Attorney for the Debtor

**TRUSTEE'S OPPOSITION TO CONFIRMATION OF PLAN**
**#2 COMBINED WITH TRUSTEE'S RECOMMENDATION FOR DISMISSAL**

Comes now KATHLEEN A. LEAVITT, Chapter 13 Bankruptcy Trustee, in the above captioned bankruptcy case and hereby alleges as follows:

**Statement of Facts**

The Debtor(s) filed for Chapter 13 relief on 04/30/2019.  The Section 341(a) Meeting of Creditors held on November 26, 2019 at 11:00 am was concluded .

**Argument**

The Trustee objects to confirmation of the Chapter 13 Plan and recommends that this case be dismissed pursuant to 11 U.S.C. §1307(c) for one or more of the following reasons:

- Debtor(s) is/are delinquent in plan payments.  11 U.S.C. §1307(c)(1)
- Other:  Trustee objects to the Debtor paying for daughter's car insurance since she is working per testimony (Rav4)

The Plan fails to provide for all of the Debtor(s)' disposable income pursuant to 11 U.S.C. §1325(a)(3) and (b) based on:

- Debtor contributes $1509 per mo to her 401k while paying 0% to general unsecured creditors. 11 U.S.C. sec. 1325(a)(3). Trustee objects to the voluntary retirement contribution as this expense is not permitted during the pendency of the bankruptcy case. Parks v. Drummond, 475 B.R. 703 (9th Cir. B.A.P. 2012).

Debtor(s) failed to cooperate with the Trustee as necessary to enable the Trustee to perform her duties pursuant to 11 U.S.C. §521(a)(3), §704 and/or §1302. This failure to cooperate has caused unreasonable delay that is prejudicial to creditors under 11 U.S.C. §1307(c)(1) as the Debtor(s) did not provide the following documents and/or amendments:

- Verification of Childcare and education costs of $500; verify charitable contribution of $200..
- Amendment to Plan: Section 2.3 is not correct; Section 5.1- clarify treatment of this claim and a Proof of Claim or other order will be required in order for the Trustee to pay this claim. .
- Amendment to Schedule J. Current Expenditures of Individual Debtor(s): to remove vehicle payment of $380 for the 2019 Toyota C-HR unless intent is to pay directly..

Finally, Trustee makes the following statements in an effort to maintain a clear record:

- Compensation of Debtor(s)' attorney requires an independent review by the court. Trustee requests that Debtor(s)' attorney file an application for compensation pursuant to 11 U.S.C. §330.

### Conclusion

WHEREFORE, for the foregoing reasons, the Trustee objects to confirmation and recommends that this case be dismissed pursuant to 11 U.S.C. §1307(c).

Dated: 2/10/20

/s/ Kathleen A. Leavitt  
Kathleen A. Leavitt  
Chapter 13 Trustee

KATHLEEN A. LEAVITT
CHAPTER 13 STANDING TRUSTEE
711 S 4Th Street
Suite 101
Las Vegas, NV  89101

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

IN RE:

DIVINA AQUINO

**Debtor (s)**

CASE NO: BKS-19-12664-ABL

Chapter 13

**CERTIFICATE OF SERVICE**

1. On February 10, 2020, I served the following document(s):

**TRUSTEE'S OPPOSITION TO CONFIRMATION OF PLAN #2 COMBINED WITH TRUSTEE'S RECOMMENDATION FOR DISMISSAL**

2. I served the above-named documents(s) by the following means to the persons as listed below:

**United States mail, postage fully prepaid**

DIVINA AQUINO
9050 W TROPICANA AVE #1136
LAS VEGAS, NV  89147

ISSO AND HUGHES LAW FIRM
2470 ST ROSE PKWY #306F
HENDERSON, NV  89074

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed on: 2/10/20

/s/ Esther Carr
Employee of
Kathleen A. Leavitt
Chapter 13 Standing Trustee