Jennifer Isso, Esq.
State Bar #NV 13157
ISSO & HUGHES LAW FIRM
2470 Saint Rose Parkway #306F
Henderson, NV 89074
Tel:  (702) 434-4424
Fax:  (702) 420-2423
Email:

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

In re:

DIVINA AQUINO

        Debtor.

Case No. 19-12664-abl
Chapter 13

MOTION UNDER RULES 7052 AND 9024

Hearing Date: July 22, 2020
Hearing Time: 9:30 a.m.

    Comes now DIVINA AQUINO, Debtor in the above-captioned bankruptcy case, by and through her undersigned counsel, and files this Motion based on the Memorandum of Points and Authorities as follows:

### Memorandum of Points and Authorities

### Statement of Facts

1. The Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on April 30, 2019.

2. The United States Trustee ("**UST**") filed a motion to dismiss the Debtor's Chapter 7 case under 11 U.S.C. § 707(b) on August 6, 2019.

3. The Debtor agreed to resolve the UST's motion by converting her case to Chapter 13. The Court entered an order converting the case to Chapter 13 on September 17, 2019.

1     4.     The Debtor filed an Amended Chapter 13 Plan Number 2 ("**Plan**") on November 4, 2019. The Plan provides that the Debtor must make $600.00 monthly payments to the Chapter 13 Trustee beginning October 1, 2019.

    5.     On January 30, 2020, the Chapter 13 Trustee ("**Trustee**") filed a motion to dismiss this case ("**Motion to Dismiss**").

    6.     On February 10, 2020, the Trustee filed a Trustee's Opposition to Confirmation of Plan #2 Combined with Trustee's Recommendation for Dismissal ("**Opposition**"). The Argument section of this document advances no arguments that were not contained in the Argument section of the Motion to dismiss.

    7.     On February 27, 2020, the Debtor filed an objection to the Motion to Dismiss, which addressed the Argument section of the Motion to Dismiss, and therefore by extension the Argument section of the Opposition.

    8.     On March 12, 2020, the Court held a hearing on the Motion to Dismiss and the Opposition.

    9.     On April 29, 2020, the Court held a second hearing on the Motion to Dismiss and the Opposition.

    10.     On May 27, 2020, the Court held a final hearing on the Motion to Dismiss and the Opposition. That hearing is not reflected on the Court's electronic docket.

    11.     After the hearing on May 27, 2020, the Trustee sent a proposed order to Debtor's counsel for review, which order states, "All Findings of Fact and Conclusions of Law as stated on the record are incorporated herein." As the final hearing on May 27, 2020 does not appear on the Court's electronic document, it is impossible to verify what "Findings of Fact and Conclusions of Law" are referenced by that order. The order also states, "confirmation . . . is

**DENIED** for failure to comply with 11 U.S.C. § 1325(a)(1) and (3)." Debtor's counsel objected to this language and explained to the Trustee the basis for that objection. *See "**Exhibit 1**"*. When the Trustee submitted the order to the Court, the details of the Debtor's objection were not communicated to, nor considered by, the Court.

12. The Trustee indicated that she believed the Court intended to deny "confirmation due to the fact that (1) the Debtor was not current with plan payments and (2) the plan was not proposed in good faith." Neither of these bases for denial of confirmation falls under 11 U.S.C. § 1325(a)(1). In addition, the Trustee never raised the issue that the plan was not proposed in good faith in her Motion to Dismiss. Rather, she argued that the plan failed to comply with the requirements of the Bankruptcy Code because the Debtor proposed to continue making voluntary contributions to her retirement account.

13. As of the date this motion is filed, the Debtor is current on her plan payments, *See* **"Exhibit 2"** having paid a total of $5,400 to the Chapter 13 Trustee as follows:

   a. $400 paid on October 31, 2019;
   b. $400 paid on November 4, 2019;
   c. $600 paid on December 4, 2019;
   d. $600 paid on January 6, 2020;
   e. $400 paid on February 14, 2020;
   f. $600 paid on February 14, 2020;
   g. $600 paid on May 1, 2020;
   h. $600 paid on May 1, 2020;
   i. $600 paid on May 29, 2020; and
   j. $600 paid on June 9, 2020.

## Argument

14. Federal Rule of Civil Procedure 52(b), made applicable to this proceeding by Federal Rules of Bankruptcy Procedure 7052 and 9014, states: "On a party's motion . . . the court may amend its findings – or make additional findings – and may amend the judgment accordingly." Fed. R. Civ. P. 52(b).

15. One purpose of Rule 52 is to aid the trier of fact (here, this Court) in its process of adjudication. *See, e.g., Swanson v. Levy*, 509 F.2d 859, 860-61 (9th Cir. 1975); *Jess v. Carey (In re Jess)*, 169 F.3d 1204, 1208-09 (9th Cir. 1999);

16. Here, because the Trustee and the Debtor plainly had different understandings of the findings and conclusions laid out by the Court on the record, the Trustee should not have submitted an order that simply incorporated them by reference. Instead, the Trustee should have submitted an order that explicitly stated the Court's findings of fact and conclusions of law so that there is a clear understanding of the basis for the Court's ruling. When counsel objected to the proposed order prepared by the Trustee, the Trustee disregarded Counsel's objections and submitted the order to the Court without Counsel's signature.

17. Federal Rule of Civil Procedure 60(b)(6), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 9024, states: "On motion and just terms, the court may relieve a party . . . from a final . . . order . . . for . . . any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

18. The Debtor is now current on her plan payments, and was only two (2) days behind on plan payments when the order denying confirmation of her plan was entered. To the extent that the Court denied confirmation based on failure to make plan payments,[1] we request

---

[1] The Debtor contends that neither of the statutory provisions recited in the order applies to this circumstance, but the Trustee asserted that confirmation was denied for this reason.

1   that the Court amend the Order submitted by the Trustee without Counsel's signature in the
2   process of amending and/or restating its findings of fact and conclusions of law, reconsider that
3   basis and reject it as a basis for denying confirmation.
4   WHEREFORE, the Debtor respectfully requests that the Court vacate the order entered on June
5   3, 2020, and replace it with an order prepared by the Court that clearly identifies the findings of
6   fact and conclusions of law that form the basis for denying confirmation of the Debtor's
7   Amended Chapter 13 Plan # 2.
8   Date: June 16, 2020                              ISSO & HUGHES LAW FIRM
9                                      By:      s/ Jennifer Isso, Esq.
10                                                  Jennifer Isso, Esq.

11                              **CERTIFICATE OF SERVICE**
12        On June 16, 2020, the preceding document and the notice of hearing was served via this
13  Court's electronic filing system, thereby effectuating service under Local Rule IC 4-1(a) on all
14  participants in this case who have registered for the electronic filing system for this Court. To all
15  those attached to ECF.

# Exhibit 1

## RE: 19-12664-abl Aquino

**Danielle N. Gueck-Townsend** <Danielle@LAS13.com>
Mon 6/1/2020 12:42 PM

To: Jennifer Isso <ji@issohugheslaw.com>; Mickey Bell <MickeyB@LAS13.com>
Cc: Bobbi Gillespie <BOBBI@LAS13.com>

Good Afternoon Ms. Isso:

I disagree with your interpretation of the ruling. I believe Judge Landis was clear that he was denying confirmation due to the fact that (1) the Debtor was not current with plan payments and (2) the plan was not proposed in good faith. We will submit the order indicating that you disapprove. Please let me know if you have any questions.

Thank you,
Danielle

Danielle N. Gueck-Townsend, Esq.
Staff Attorney
Kathleen A. Leavitt, Chapter 13 Trustee
711 South 4th Street, Suite 101
Las Vegas, NV 89101
(702) 853-0700

From: Jennifer Isso <ji@issohugheslaw.com>
Sent: Monday, June 1, 2020 12:29 PM
To: Mickey Bell <MickeyB@LAS13.com>
Cc: Danielle N. Gueck-Townsend <Danielle@LAS13.com>; Bobbi Gillespie <BOBBI@LAS13.com>
Subject: Re: 19-12664-abl Aquino

Hello,

The judge denied confirmation because the debtor was not current with her plan payments. I need the order to reflect that. Therefore I do not approve this order for submission. Please amend it and resend it to me. Let me know if you understood the judge's ruling differently. Thank you, Jennifer

Get

From: Mickey Bell <                      >
Sent: Wednesday, May 27, 2020 11:53 AM
To: Jennifer Isso
Cc: Danielle N. Gueck-Townsend; Bobbi Gillespie
Subject: 19-12664-abl Aquino

Good Morning, Ms. Isso:

Attached hereto is the Order which was prepared from the confirmation hearing held this morning for your review. If approved, please execute and return same to my attention; or, provide authorization to affix your electronic signature, within three (3) business days.

Should you have any questions or concerns regarding this matter, please contact our in-house counsel, Danielle Gueck-Townsend, at the phone number indicated below, Ext. 722. Thanking you in advance for your anticipated cooperation in this matter.

Thank you,

*Mickey*

Mickey J. Bell
Senior Paralegal for
Kathleen A. Leavitt
Chapter 13 Bankruptcy Trustee
711 South 4th Street, Suite 101
Las Vegas, NV 89101
(702) 853-0700

# Exhibit 2

Case 19-12664-abl    Doc 80    Entered 06/17/20 09:34:42    Page 9 of 16

Debtor Account Ledger | NDC

6/16/20, 7:52 PM

English    Español

Dashboard    Case Information    Trustee Information    Attorney Details Information    Debtor Informati



Welcome, Jennifer Isso

DASHBOARD

**Case Number: 1912664**

Export

CASE INFORMATION

TRUSTEE: Kathleen A. Leavitt (Las Vegas, NV)    NDC CASE STATUS:

- Trustee Information

OVERVIEW

Export

- Judge/Attorney Information

All Clair    All Paye    All Transacti    All Tim

- Debtor Information

Receipts    Disbursements

- Plan Step Information

- Documents

CLAIM SUMMARY

MY PROFILE

https://www.ndc.org/a/account-ledger

Page 1 of 5

Past Notifications

$2000

$1500

$1000

$500

$0
    1/2020    2/2020    3/2020    4/2020

« Prev 3 months

LEDGER DETAILS  Export

| Date Paid ▼ | Claim Number | Check Number | Name of Party | Desc |
|---|---|---|---|---|
| 06/09/2020 | | | N/A | ePay (6854 |
| 06/09/2020 | | | N/A | TRUS FEE - RECE |
| 05/29/2020 | | | N/A | TRUS FEE - RECE |

| Date | | Description |
|---|---|---|
| 05/29/2020 | N/A | ePay (6819 |
| 05/01/2020 | N/A | ePay (6752 |
| 05/01/2020 | N/A | ePay Delinc Recei |
| 05/01/2020 | N/A | TRUS FEE - RECE |
| 05/01/2020 | N/A | TRUS FEE - RECE |
| 02/14/2020 | N/A | ePay (6557 |
| 02/14/2020 | N/A | ePay Delinc Recei |
| 02/14/2020 | N/A | TRUS FEE - RECE |
| 02/14/2020 | N/A | TRUS FEE - RECE |
| 01/06/2020 | N/A | TRUS FEE - RECE |
| 01/06/2020 | N/A | ePay (6462 |

| Date | | |
|---|---|---|
| 12/04/2019 | N/A | ePay (6379 |
| 12/04/2019 | N/A | TRUS FEE - RECE |
| 11/04/2019 | N/A | TRUS FEE - RECE |
| 11/04/2019 | N/A | ePay (6305 |
| 10/31/2019 | N/A | ePay (6289 |
| 10/31/2019 | N/A | TRUS FEE - RECE |

NOTICE: The information provided herein is based upon the best information available. The information is modified on a regular basis. Neither the Trustee nor the National Data Center certifies that the information is fully accurate or complete and users are cautioned to base any action based upon this information upon independent verification of the information.


NATIONALDATACENTER

**CLAIM ACCESS**

Debtors

Creditors

Attorneys

**ABOUT US**

Board of Directors

History of NDC

Participating Trustees

**RESOURCES**

Get Help

Notifications

Downloads

Online Security

Sitemap

© 2020 National Data Center     Privacy Policy     Terms of Use

| | |
|---|---|
| 1 | Jennifer Isso, Esq. |
| | State Bar #NV 13157 |
| 2 | ISSO & HUGHES LAW FIRM |
| | 2470 Saint Rose Parkway #306F |
| 3 | Henderson, NV 89074 |
| | Tel:   (702) 434-4424 |
| 4 | Fax:   (702) 420-2423 |
| | Email: |

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| In re: | ) | Case No. 19-12664-abl |
| | ) | Chapter 13 |
| DIVINA AQUINO | ) | |
| | ) | NOTICE OF HEARING ON |
| Debtor. | ) | MOTION UNDER RULES |
| | ) | 7052 AND 9024 |
| | ) | |
| | ) | Hearing Date: July 22, 2020 |
| | ) | Hearing Time: 9:30 a.m. |
| | ) | |

**NOTICE IS HEREBY GIVEN** that a MOTION UNDER RULES 7052 AND 9024 was filed on June 17, 2020 by the Debtor. The Motion seeks the following relief: to vacate the order entered on June 3, 2020, and replace it with an order prepared by the Court that clearly identifies the findings of fact and conclusions of law that form the basis for denying confirmation of the Debtor's Amended Chapter 13 Plan # 2. Any opposition must be filed pursuant to Local Rule 9014.

**NOTICE IS FURTHER GIVEN** that if you do not want the court to grant the relief sought in the Motion, or if you want the court to consider your views on the Motion, then you must file an opposition with the court, and serve a copy on the person making the Motion *no later than 14 days* preceding the hearing date for the Motion, unless an exception applies (see Local Rule

9014(d)(3)). The opposition must state your position, set forth all relevant facts and legal authority, and be supported by affidavits or declarations that conform to Local Rule 9014(c).

If you object to the relief requested, you *must* file a **WRITTEN** response to this pleading with the court. You *must* also serve your written response on the person who sent you this notice.

If you do not file a written response with the court, or if you do not serve your written response on the person who sent you this notice, then:

- The court may *refuse to allow you to speak* at the scheduled hearing; and
- The court may *rule against you* without formally calling the matter at the hearing.

**NOTICE IS FURTHER GIVEN** that the hearing on the said Motion will be held before Chief Bankruptcy Judge Landis, in the Foley Federal Building, 300 Las Vegas Boulevard South, Las Vegas, Nevada 89101, Courtroom 1, on July 22, 2020 at the hour of 9:30 a.m.

Date: June 16, 2020

ISSO & HUGHES LAW FIRM

By: _s/ Jennifer Isso, Esq._
Jennifer Isso, Esq.